**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4248**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

KEITH BILLINGSLEY,

Defendant - Appellant.

---

**No. 05-4257**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

GREGORY ALLEN PRICE,

Defendant - Appellant.

---

Appeals from the United States District Court for the Eastern District of Virginia, at Alexandria. James C. Cacheris, Senior District Judge. (CR-03-395)

---

Submitted: July 11, 2006          Decided: July 20, 2006

---

Before TRAXLER, SHEDD, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

———————————

William B. Moffitt, COZEN O'CONNOR, Washington, D.C., for Appellant Keith Billingsley; Drewry B. Hutcheson, Jr., MCGINLEY, ELSBERG & HUTCHESON, P.L.C., Alexandria, Virginia, for Appellant Gregory Allen Price. Chuck Rosenberg, United States Attorney, Jonathan L. Fahey, Assistant United States Attorney, Paul Ahern, Special Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted Keith Billingsley and Gregory Price of conspiracy to distribute 50 or more grams of crack cocaine within 1000 feet of a school in violation of 21 U.S.C. § 846. Price was also convicted of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Billingsley to 324 months' imprisonment and Price to 262 months' imprisonment. Both men filed timely appeals. For the reasons below we affirm their convictions and sentences.

Billingsley challenges the district court's denial of his motion for a mistrial based on the Government's failure to disclose an inculpatory statement made by Billingsley to a detective involved in the case, which Billingsley's counsel elicited from the detective on cross-examination. We review the denial of a motion for a mistrial for abuse of discretion. United States v. Dorsey, 45 F.3d 809, 817 (4th Cir. 1995). Pursuant to Fed.R.Crim.P. 16(a)(1)(A), the Government must "disclose to the defendant the substance of any relevant oral statement made by the defendant . . . in response to interrogation by a person the defendant knew was a government agent if the government intends to use the statement at trial." Fed.R.Crim.P. 16(d)(2) provides several remedies if a party fails to comply with disclosure requirements, including permitting the court to "enter any . . . order that is just under the circumstances." The district court denied Billingsley's

3

motion for a mistrial, but offered to give the jury instructions to disregard the statement, which Billingsley's counsel refused for fear that such instructions would draw additional attention to the statement. We hold that the district court did not abuse its discretion in denying the motion for mistrial and offering instead to provide a limiting instruction to the jury.

Billingsley next appeals the district court's denial of his motion to suppress evidence that he asserts was seized in violation of the Fourth Amendment. Specifically, Billingsley claims that the officers lacked reasonable suspicion to stop his car and this unlawful stop tainted Billingsley's consent to search the car. Billingsley also argues that the officer lacked probable cause to arrest him since the cocaine found in the car appeared after Billingsley exited the vehicle. On appeal, we review the district court's factual findings for clear error and its legal conclusions de novo. United States v. Perkins, 363 F.3d 317, 320 (4th Cir. 2004). "When an officer observes a traffic offense or other unlawful conduct, he or she is justified in stopping the vehicle under the Fourth Amendment." United States v. Hassan El, 5 F.3d 726, 730 (4th Cir. 1993). The officer who stopped Billingsley's vehicle had a sufficient basis to support his action after observing the vehicle stopped in the roadway in violation of Virginia law. This traffic infraction provided the officer with the basis to request that Billingsley step outside of the car. See

4

<u>Pennsylvania v. Mimms</u>, 434 U.S. 106, 111 n.6 (1977) ("Once a motor vehicle has been lawfully detained for a traffic violation, the police officers may order the driver to get out of the vehicle without violating the Fourth Amendment's proscription of unreasonable searches and seizures."). Furthermore, the officer had sufficient probable cause to arrest Billingsley based on the $500 in cash that he found on Billingsley's person and the bag of cocaine that he found in the front seat of the car after Billingsley consented to both searches. Even if the cocaine was first noticed by the officer after Billingsley exited the vehicle, it is reasonable to infer that all of the occupants of the car "had knowledge of, and exercised domain and control over, the cocaine." <u>Maryland v. Pringle</u>, 540 U.S. 366, 372 (2003) (finding sufficient probable cause to arrest a front seat passenger in a car when a search of the vehicle yielded $793 in rolled-up cash in the glove box and "five plastic glassine baggies of cocaine . . . behind the back-seat armrest and accessible to all three men"). We hold that the district court did not err in denying Billingsley's motion to suppress.

Price appeals the district court's decision to admit evidence under Fed.R.Evid. 404(b) that he had a large amount of cash on his person when he was remanded to jail after sentencing in a state court matter. We review the district court's evidentiary rulings for abuse of discretion. <u>United States v. Weaver</u>, 282 F.3d 302,

5

313 (4th Cir. 2002). We need not reach the merits of Price's claim, however, because the admission was harmless. See Id. (noting that "[e]videntiary rulings are subject to review for harmless error"); see id. at 313-14 (finding the evidence to be harmless "in light of the overwhelming evidence against the defendant"). In the present case, the evidence pointing to Price's involvement in the drug conspiracy is overwhelming: multiple witnesses testified that they purchased crack cocaine from Price, Price was arrested in an area known for drug activity, the officer who searched Price incident to the arrest found in his pockets cash and two bags that the defense stipulated contained powdered cocaine and crack cocaine, and two drug distributors testified that they engaged in either crack cocaine transactions with Price. Because there is overwhelming evidence to support the jury's verdict of guilty, we find that the admission of the evidence was harmless.

Billingsley and Price also challenge their sentences, asserting that the district court did not adequately consider the sentencing factors set forth in 18 U.S.C. § 3553(a), as required by the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). Although the Supreme Court's decision in Booker rendered the sentencing guidelines advisory, the sentencing court must still consider the properly calculated guideline range in addition to the factors set forth in § 3553(a). United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006). We review sentences

under the advisory guidelines for reasonableness, and sentences that fall within the guideline range are presumed to be reasonable. Id. at 341. Billingsley and Price claim that their sentences are unreasonable because the district court's "analysis lack[ed] any meaningful consideration of the § 3553(a) factors." Brief of the Appellants at 10. The district court, however, does not need to "explicitly discuss every § 3553(a) factor on the record . . . . particularly . . . when the district court imposes a sentence within the applicable guidelines range." Id. (internal quotations and citations omitted). Because the district court properly used the preponderance of the evidence standard to assess the drug quantity attributable to the defendants, properly calculated the guideline range, treated the guidelines as advisory, considered the defendant's arguments, and sentenced the defendants within the guidelines range, we conclude that the defendants' sentences are reasonable. Therefore, we affirm the defendants' sentences.

Accordingly, we affirm the convictions and sentences of Billingsley and Price. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

7